We'll begin with the case of Offor v. EEOC and Barry Kevin. Good morning, Judge Hall. Judge... Judge Hall, good morning. May it please the court, I appear for the appellant, Dr. Offor. FOIA requesters... FOIA requesters at the EEOC are different from other requesters in other agencies, primarily because the EEOC requesters, most times, are people that are on the verge of losing their jobs. They have pending discrimination matters that are on the line, and at that point, their livelihood is seriously threatened. This can be distinguished, of course, from other FOIA requesters at other agencies, where the requesters are probably trying to write a novel, or at that time, just trying to get information out of curiosity. Having said that, Your Honor, I'll go in directly to the issue of the loss of the file at the EEOC. The file at the EEOC was not lost. The EEOC just refused to produce the files. What evidence do you have of that?  What they did was that the EEOC refused to produce the file because the first letter that was written by the EEOC created a standard that was not required of the appellant. The first letter that was written by the EEOC on March 11th, they created a standard saying that they needed the appellant to produce the filed complaint in the matter, but that was never a standard required of the appellant at that point. The only time 29 CFR 1610 would require an appellant to produce a filed complaint was when the right to sue had expired. But the appellant requested the right to sue just five days after the request of the right to sue. So the standard created at the onset was... And what they did was the plaintiff had filed the same documents in the underlying discrimination case. So what the EEOC did was after they were served, three days after they were served with the complaint, what they did was to reproduce the entire documents that had already been filed. Aren't those the same documents that Dr. Ofor sent to the EEOC in the first place? Yes, but what they did was they cleverly excluded any documents that would help or assist... What documents are those and how do you know that those are in the file? Good. There is a correspondence between the parties. It's supposed to be part of the charge file. Those were not included. We have exhibited some of those in the appendix. There were some of those documents, and the party on the other side, the charged party, had also written to the EEOC many times. They affirmed that in the underlying lawsuit, but those documents were not included in the JA. The only documents that were included in the JA were primarily documents that the plaintiff had already filed. In the same manner, in the same sequence, that's how they reproduced it. And there were only three strange documents there that the plaintiff had not produced, and those were completely redacted. And all of those documents you're saying were attached to the plaintiff's complaint in the federal action? That's correct, Your Honor. So the notion that the file was lost. Most of the documents that are being talked about were e-files. Most of the EEOC correspondence were all e-files. The case notes written by the investigators in the case are usually entered on the computer. Long gone are the days where there will be handwritten notes placed in files. Most of the case notes were on the EEOC computer, and the affidavit of Michael Williams did not go to the EEOC affiant, which the judge, the district judge, relied on. The affidavit never went to explain what happened to the documents, how were they lost. Is there any reason to believe that when they finally responded and provided the documents, they're not complete? Yes, Your Honor. That's what I'm trying to explain. What evidence do you have that the ultimate production of the documents was not the complete EEOC file, is my question. Yes, Your Honor. Thank you. The correspondence between the parties was not included. There were no investigative records. The only documents that were produced were the same documents that the plaintiff had herself filed in court a few weeks earlier in the underlying discrimination case. There were hundreds of pages. It was like 250 pages. The plaintiff filed those pages, Your Honor. The plaintiff filed those pages, and there was a rebuttal from the respondents, which were also served on the plaintiff. Those were the documents that the plaintiff had already filed. Now, there were no investigative reports. There were no documents that showed what EEOC had done in the one year that they had investigated the case. There was simply nothing to show, nothing that the plaintiff would reap from, nothing that the plaintiff would reap from in terms of notes from interviews that they had conducted with witnesses. How are the communications between the charging party and the EEOC were not included? Between the charged parties and the EEOC were not included, Your Honor. That's how we know. They talked about mootness, the case being moot. There was still a life controversy, Your Honor, because I had argued about the completeness of the file. So there was still a life controversy. As at the time the case was dismissed, the controversy was not out of the table. I was still arguing that these files were made up and they were not complete, Your Honor. Could I go back to the first thing you said? You said that EEOC cases under FOIA are different than other cases. Isn't the main way they're different is the Title VII prohibits the EEOC from making public their files until a lawsuit is brought? That, too. With the permission of the court, I would answer that, too, Your Honor. But most especially they are different because the requesters at the EEOC need these files in order to file their underlying discrimination claim. Without the files, without the charge file, the underlying discrimination claim will not be as strong as it would be when they have the information from the charge file, Your Honor. So you're saying it's special because, from your perspective, the plaintiff, for tactical reasons, needs to have what the EEOC has. Thank you, Your Honor. Not just for tactical reasons, Your Honor. For objective and substantive reasons. Because the charge file will contain, most of the time, the interviews with the witnesses, substantive material that the plaintiff would go into the lawsuit with. And the plaintiff was deprived of that. Thank you. Thank you, Your Honor. You have reserved three minutes for rebuttal. That's correct, Your Honor. Thank you so much. We have a question here from the counsel for EEOC. May it please the court? My name is Annawell Ocolino for the EEOC as aptly, and also for Mr. Kevin Berry. The commission of Mr. Berry asks that this court affirm the district court's dismissal of the plaintiff's FOIA complaint for a lack of subject matter jurisdiction under 12b1. And to go back to what you were discussing with plaintiff's counsel, FOIA has nine exemptions. One of the exemptions states that information does not have to be disclosed if a statute prohibits that and leaves no discretion to the agency. And under Title VII, as Your Honor mentioned, we are required to keep our files confidential. We release a charge file to either a charging party or a respondent once an action has been initiated, or a charging party can ask to obtain a copy of the file within the 90 days after which we issue a right to sue notice. We complied with that here. We did produce the files a little bit late, but we did produce them once the plaintiff asked for them. But I'd like to return back to plaintiff's counsel had a lot of talk about whether we made up the file, the 235 page file, whether we omitted documents. And before, I don't want to put the cart before the horse. I just want to remind the court that the plaintiff did not exhaust her administrative remedies as to that. So we produced the documents on August 3rd, 2015, said here are the 235 documents. The letter that we sent producing those documents is in the record at page A82. And it states on pages two and also on pages four that the plaintiff has the right to appeal, but the appeal has to be made to the Office of Legal Counsel at the EEOC in Washington, D.C. if the plaintiff wants to contest the disclosure of the documents, which is what I hear plaintiff's counsel doing today as he did in the brief, which is he's arguing that we made up the file, that we didn't put in documents as I understand it. But that had to go through administrative appeal process, and the plaintiff failed to do that. So that doesn't restore the jurisdiction of the district court. The district court here lacked jurisdiction because we gave up the documents. And FOIA gives jurisdiction to the district court to order documents to be produced or to enjoin the withholding of documents. So once that got off the table, the court lacked jurisdiction. But if we want to talk about the substance of it, Judge Spat did consider the allegations of collusion with the defense counsel for the hospital, and did consider whether the EEOC had made up the file. And he looked at the record, and he looked at the declaration from our EEOC employee, who just said that the file was lost temporarily and found that it was completely speculative that we had made up the file, that there's no motive for the EEOC to make up a 235-page file, and that there was nothing that was wrong here. Your adversary says that everything, all of the, I find this a little odd, that all of those 235 pages are documents that were attached to, are documents that A, his client sent to the EEOC in the first place, and B, that were attached to his complaint. That would be a pretty bulky complaint, but maybe it was. Is there a response to that? We did not respond to that in our brief, and I can't tell you page by page about whether that is correct or not, because that was not before the district court. I mean, that's a separate question. As I said, that the plaintiff had an obligation to appeal it to our office of legal counsel before bringing that to the district court. So that's what should have happened here, and that's just why there was no jurisdiction. There's nothing in the file by way of responses from the respondent, the employer, that there's nothing in the file suggesting any investigation by the EEOC. Now, I'm afraid I have generally been under the impression that that is not surprising, because it's not clear to me that the EEOC actually does anything with a lot of the complaints that come before them, but maybe that's unduly cynical. Have you reviewed those 235 pages? I have not, so I'm not prepared to talk about that, and our brief didn't. I could submit a letter after the argument talking about that, but it is true. We receive between 75,000 and 99,000 charges a year, so what we do in an investigation for any particular charge may be a little bit. It may be a lot. There may be a huge file. There may be a medium file. This one was 235 pages. And also, our investigation didn't come to a culmination here because the plaintiff requested a right to sue notice, said you've had the file for a year and I'd like to move on, which is fine. The plaintiff is entitled to do that. But again, the question really here before you today is whether the district court lacks subject matter jurisdiction and whether the court abused its discretion in refusing to award attorney's fees to plaintiff's counsel,  Well, it's an abuse of discretion by definition if the wrong legal standard is applied. I thought that the district court applied the Buchanan kind of test and said, well, he hasn't won a lawsuit, so he doesn't get attorney's fees. But would I be wrong in believing that with respect to FOIA actions, there's a different standard by congressional action than that? I have to respectfully disagree. I don't think that Judge Spatz said that. I think that Judge Spatz's order properly recognized the standard under FOIA substantially prevails, and the statute does state there that a substantially prevailing plaintiff not just wins in court with a judgment but can win if there is a consent decree or if there's a unilateral change in position. Something not that different from the old catalyst theory, that if the filing of the lawsuit leads the agency to turn around, then you might get attorney's fees. Yes, and I don't disagree with that. But we did cite cases, and you have pressed it in your court, the Vermont case, low-income case that we cited, where it's not just a matter of if a complaint is filed and documents are subsequently produced, attorney's fees are warranted. If that were the standard, then the statute would say that. If a complaint is filed and the agency produces, then award fees, but it substantially prevails. And the Vermont case, and also we cite, I think, Calhoun and the Crickard case, that a delay in producing documents isn't . . . But did the district court apply that standard? In other words, is this a case . . . I think you'd be clearly right if this were a case where the district court said, I've looked at everything that's been presented to me, and there's no reason to believe that the EEOC changed its position because of the filing of this lawsuit, because the sort of post hoc argument isn't good enough. Is that what the judge said, though? I could read to you what the judge said. It's at page 10 of the order. Here, the plaintiff did not obtain her case file through a judicial order, a written agreement, a consent decree, or a unilateral change in position by the agency. Rather, she obtained her case file because the EEOC was able to locate the file and voluntarily decided to furnish the case to the plaintiff. Thus, she has not substantially prevailed within the meaning of FOIA. Aren't there cases also that suggest that there should be an opportunity for some kind of factual inquiry into that? Is it enough that you send an affidavit and then the judge credits the affidavit over whatever possibly very weak inference there may be from the fact that it's rather strikingly coincidental that immediately after they're served with the suit is when they find the documents? I can't think of any authority in the statute that says there has to be a factual inquiry. We submitted the declaration and we cited some law that there's a presumption of good faith, I think, in the declaration from the agency. And what you're getting at is, isn't it funny that you found the document two months after the complaint was filed? And certainly, maybe there is something to the squeaky wheel about finding a file once a complaint comes in. But our New York office alone receives over 700 FOIA requests. That's in the last fiscal year. We receive 17,000 FOIA requests a year at the agency. So I don't know. The record doesn't reflect exactly where the file was. We actually do still use paper files. Was it stuck in somebody else's file? Was it on somebody's desk who was on vacation? I don't know. But you have to get to causation. And for the standard for when the agency changes its position voluntarily, it has to be not insubstantial. I think here it was an insubstantial thing, and there's no evidence that the filing of the complaint made us change our position. Our position always has been that she was entitled to the file, and we just temporarily misplaced it. And we cited cases saying that that is not enough for an award of attorney's fees. Is it the agency's position, your position, EEOC's position that . . . I just want to make sure I tease out the jurisdictional argument, that the district court was without jurisdiction because . . . I'll help you tease it out. I think our argument is once we produce the documents, then the jurisdiction basically evaporated because FOIA enables the district court judge to order documents to be produced. Right. So there's nothing for the judge to do. Nothing for the judge to do. But to the extent we get into this . . . Missing documents. Missing documents. We made up the file. We should have . . . whatever. That goes to whether it's complete, and the plaintiff should have exhausted administrative remedies by appealing to our Office of Legal Counsel once she received the file. Is it EEOC's position that the district court, even if that were before it and laid out, would not have jurisdiction to decide that? Without going through our Office of Legal Counsel, yes. But, of course, our brief also did address the merits of that argument. There would be a question, I suppose, whether that's truly jurisdictional. Not all exhaustion of remedies requirements are jurisdictional, as opposed to claim processing rules. But I take it, just again, to make sure I understand. What you're saying is this lawsuit demanded the production of the files. The files have purportedly been produced. That's the end of this lawsuit. If there's going to be another lawsuit about whether the production was appropriate, that lawsuit is just not here. If it were here, then we'd have to face the question of whether the failure to exhaust administrative remedies is jurisdictional or is something else. And we may not have to face that, because if the EEOC makes the objection that he hasn't exhausted his administrative remedies, we wouldn't have to decide whether it's jurisdictional or non-jurisdictional, because either way he has to do it. And if you make the argument, then that would defeat that lawsuit. Is that right? Yeah, but let me also just point out, we did also argue in the alternate that summary judgment, you could affirm the dismissal on summary judgment grounds, I think some of your concerns about the complaint or what we did here, the EEOC did below, about getting to whether we produced the file and whether we colluded with defense counsel to keep the file from the plaintiff. Thank you. Thank you very much. Your Honor, I'm very glad that that's not the position of the law. In Pollack v. Department of Justice, it's 49F3D115, the appellant did not need to appeal each action of the agency administratively. Once she filed the action after the agency failure, she doesn't need to go back and appeal each action of the agency administratively. That's Pollack, P-O-L-L-A-C-K v. Department of Justice. It established that without doubt. It's in the Fourth Circuit. Yes, Your Honor. It doesn't establish it here. I know, Your Honor, but at least it gives the court some- You want us to follow that decision. Yes, Your Honor. And also, Your Honor, the fact that the agency applied the wrong standard in the first place and not the standard in 29 CFR 1610, which says that the appellant only needs to get the filed complaint only when the right to sue has expired. At the time the request was made, the right to sue had not expired. So there was no need to ask the appellant to produce a filed complaint. What the agency did was to create a wrong standard asking the appellant to produce a filed complaint in order to grant the FOIA request, which was a wrong standard. Unless the right to sue has expired, the appellant need not produce- You've got a- The underlying discrimination case is still pending? Unfortunately, we lost that here. I think Judge Hall was part of that. We lost the discrimination case here. And that goes back to not being able to get all the materials that- That was what I was going to ask about. In that action, why couldn't you have gotten some of these same materials through discovery from the- We didn't get to discovery, Your Honor. It was also dismissed, Your Honor. We didn't get to discovery. And it was before the same judge. It was also dismissed. But the point I'm trying to make is that it's coincidental that the same standard that was created by the- If we were to get a filed complaint- But you did have a filed complaint. We're past that, aren't we? I mean, you had a filed complaint, and then they purported to produce the documents. No, no. We never give them a filed complaint in that case. So they produced you the documents anyway. Yeah, they produced it anyway. And it's even more moot whether they require a filed complaint or not. No, they don't require it. The law says they don't require it if our right to sue has not expired. They don't require it. I'm not sure I understand what we're arguing about here because if what you're saying is they gave you the documents without requiring the filing of a complaint- No, we filed the FOIA complaint. But before then, we were already forced to file the underlying discrimination complaint without- The March letter says you've got to give us your complaint before we'll give you the FOIA materials. Did you ever give them the filed complaint? No, Your Honor. Before you got the materials? No, Your Honor, because that's not what the law requires. The law does not require us to- They just created the wrong standard because we need the file, the charge file, in order to file a complaint. We need the charge file. We need the contents of the charge file to file a good discrimination complaint using the materials that were already gotten by the EUC at the investigative level. But they denied us that by claiming that the file was lost. And in the affidavit of Mr. Williams, he never said what happened to the file. According to the standard set in Golan v. CIA, the affidavit is supposed to explain in the affidavit what exactly happened to the file. We've got your argument. Okay, thank you, Your Honor. Appreciate it. Thank you both.